UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60170-RAR

**AMY WEISSBROD**,

    Plaintiff,

v.

**BROWARD COUNTY
BOARD OF SUPERVISORS**, *et al.*,

    Defendants.
_____/

**ORDER DENYING EMERGENCY MOTION AND DISMISSING *PRO SE* COMPLAINT**

**THIS CAUSE** comes before the Court upon Plaintiff Amy Weissbrod's Emergency Motion to Terminate Two Illegally Appointed Guardians and Dismiss the Non-Final Broward ETG Proceeding with Prejudice as of June 1, 2020 [ECF No. 4] ("Emergency Motion"), filed on January 27, 2021. The Court having carefully reviewed the Emergency Motion and the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Emergency Motion [ECF No. 4] is **DENIED** and Plaintiff's Complaint is **DISMISSED** for the reasons set forth herein.

**ANALYSIS**

Plaintiff filed her Complaint [ECF No. 1] on January 25, 2021, alleging several claims under 28 U.S.C. § 455 and 42 U.S.C. §§ 1983, 1985, and 1988 against various parties involved in a guardianship proceeding in Florida state court that determined the guardianship rights of Plaintiff's mother. The Complaint is difficult to follow, but it alleges generally that the judges, county officials, and lawyers involved in the guardianship proceeding committed various violations of her statutory and constitutional rights. Subsequently, on January 27, 2021, Plaintiff

filed the instant Emergency Motion seeking the dismissal of the guardianship proceeding with prejudice retroactive to June 1, 2021, as well as the termination of her mother's court-appointed guardians. In other words, Plaintiff asks this Court to overturn the guardianship decision of a state court.

Because the Emergency Motion seeks federal court review of a state court judgment, the *Rooker–Feldman* doctrine precludes the exercise of federal jurisdiction. "The *Rooker–Feldman* doctrine is a limitation on the jurisdiction of the inferior federal courts. This limitation is intended to prevent the federal courts from hearing what are essentially appeals from state court decisions, which may only be heard by the United States Supreme Court." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1284 (11th Cir. 2018). Pursuant to the doctrine, federal district courts "have no authority to review the final judgments of state courts." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (*en banc*). "Significantly, even if the state court judgment was unconstitutional, *Rooker-Feldman* prevents a federal district court from correcting the error." *Semexant v. HSBC Bank USA*, No. 20-cv-60138, 2020 WL 3581480, at *1 (S.D. Fla. June 24, 2020) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)).

Multiple courts have thus held that the *Rooker-Feldman* doctrine bars claims alleging injuries stemming from state court guardianship proceedings. *See, e.g.*, *Woodhull v. Fierle*, 554 F. App'x 785, 786-87 (11th Cir. 2013); *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007); *Carr v. Spencer*, 13 F. App'x 296, 297-98 (6th Cir. 2001); *Sarhan v. Rothenberg*, No. 07-CIV-22818, 2008 WL 2474645, at *11-13 (S.D. Fla. June 17, 2008). So too here. Although Plaintiff refers to the state court guardianship order as a "non-final interlocutory proceeding," a review of the docket of the Florida Fourth District Court of Appeal reveals that Plaintiff filed an appeal of the state court's decision and the state court decision was affirmed (and Plaintiff's appeal deemed

frivolous) just before the Emergency Motion was filed here. *See* Order Denying Petition for Writ, *Amy R. Weissbrod Gurvey v. In re: Guardianship of Laura A. Weissbrod*, Case No. 4D20-2176 (Fla. 4th DCA Jan. 27, 2021); *see also Sarhan*, 2008 WL 2474645, at *12 (taking judicial notice of the docket of the Florida Third District Court of Appeal to determine that the state court order at issue was final for purposes of the *Rooker-Feldman* doctrine). Thus, the guardianship decision at issue was finally adjudicated by the Florida courts.

However, even if Plaintiff were correct that the guardianship decision at issue was a "non-final interlocutory" order, this Court would still be powerless to grant the relief sought by Plaintiff. "The *Rooker–Feldman* doctrine . . . does not require a final judgment before giving preclusive effect to a state court order. *Rooker–Feldman* also precludes federal courts from reviewing non-final and interlocutory state judgments." *Bosdorf v. Beach*, 79 F. Supp. 2d 1337, 1340 (S.D. Fla. 1999) (internal citation omitted); *see also Parker Law Firm v. Travelers Indem. Co.*, --- F.3d ----, 2021 WL 96189, at *3 (8th Cir. 2021) ("This court, like other circuits, has concluded that *Rooker-Feldman* applies to state court judgments that are not yet final."); *Pieper v. Am. Arb. Ass'n, Inc.*, 336 F.3d 458, 462 (6th Cir. 2003) ("We . . . join with the majority of circuits that have concluded that the *Rooker–Feldman* doctrine does apply to interlocutory orders and to orders of lower state courts.").

"The crucial question in determining the applicability of *Rooker–Feldman* is whether the relief requested of the federal court would effectively reverse or void the state court's ruling." *Bosdorf*, 79 F. Supp. 2d at 1339. That is *precisely* what Plaintiff asks this Court to do in her Emergency Motion: reverse or void the guardianship decisions of the Florida state court. Therefore, pursuant to the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over Plaintiff's Emergency Motion, and it must be denied.

Plaintiff's Complaint—which is similarly centered on alleged wrongdoing in the state court guardianship proceeding—must also be dismissed. Under normal circumstances, district courts are prohibited from dismissing a complaint *sua sponte* before the defendants have responded and without notice to the plaintiff. *Davken, Inc. v. City of Daytona Beach Shores*, 159 F. App'x 970, 973 (11th Cir. 2005) (citing *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524 (11th Cir. 1983)). However, "[t]here is an exception to [the] general rule against dismissal without notice if the complaint is patently frivolous." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *see also Cuyler v. Aurora Loan Serv., LLC*, No. 12–11824–DD, 2012 WL 10488184, at *2 (11th Cir. 2012) (unpublished) ("a district court has the inherent authority to dismiss a patently frivolous complaint"). Dismissing these kinds of suits "spontaneously . . . save[s] everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As the Court explained in *Guthrie v. US Gov't*,

> Most instances in which the court's power to dismiss a complaint *sua sponte* occur in the context of *in forma pauperis* actions pursuant to 28 U.S.C. § 1915(e)(2), as that statute specifically grants district courts the power to dismiss "frivolous or malicious" suits on their own initiative. Nonetheless, the Eleventh Circuit has affirmed dismissal of frivolous cases even where, as here, the plaintiff paid the filing fee. *See Wilkerson v. Georgia*, 618 F. App'x 610, 611 (11th Cir. 2015). The Court in *Wilkerson* also strongly suggested that, if directly confronted with the question, the Eleventh Circuit would confirm the district court's power in this regard. *Id.* at 611, n.1 (citing *Jefferson*, 695 F.2d at 526 n.3). Other circuits have expressly decided so. *See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 362 (2d Cir. 2000); *Hoskins*, 320 F.3d at 763; *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015); *Williams v. Madden*, 9 F. App'x 996, 997, n.1 (10th Cir. 2001). The Supreme Court has noted in dicta that, even without § 1915, "there is little doubt [district courts] would have power to [dismiss frivolous suits]." *Mallard v. U.S. Dist. Court for S. Dist. of Iowa,* 490 U.S. 296, 307–08 (1989).

No. 17–CIV-80390, 2017 WL 5479877, at *2 n.2 (S.D. Fla. Mar. 31, 2017).

Plaintiff's Complaint is due to be dismissed *sua sponte* as frivolous for many reasons. First, in her Complaint, Plaintiff seeks principally the same relief advanced in her Emergency Motion: a voiding of the state court orders in the guardianship proceeding. *See, e.g.*, Compl. at 31 ("The Court must grant mandamus relief by writ of prohibition under 28 U.S.C. [§] 1651(a) . . . to dismiss the case with prejudice retroactive to June 1, disqualify two judges from presiding without jurisdiction and vacate all orders, terminate guardians and reverse sequestration orders."); *id*. ("The Court must restore Laura's voting rights, driving privileges in FL and return all sequestered assets and determine that no further orders may be entered in the lawsuit."). As explained above, the Court lacks subject matter jurisdiction over such claims for relief. "[A] *pro se* litigant in [Plaintiff]'s position cannot obtain a do-over in federal court against the judges and interested persons in a state court guardianship proceeding that has been finally adjudicated." *Sarhan*, 2008 WL 2474645, at *12 (citation omitted).

Second, Plaintiff seeks the disqualification of the judges involved in the state court guardianship proceeding under 28 U.S.C. § 455. Compl. at 8. Section 455(a) provides in relevant part that "[a]ny justice, judge or magistrate *of the United States* shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (emphasis added). "As the statutory language makes clear, this provision applies solely to members of the *federal* judiciary." *United States v. Int'l Broth. of Teamsters*, 931 F. Supp. 1074, 1102 (S.D.N.Y. 1996) (emphasis added).

Third, to the extent Plaintiff seeks damages from the state court judges and the court staff, such claims are barred by judicial immunity. The doctrine of judicial immunity protects judges and their staff from damages for acts taken while they are acting in their judicial capacity. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *Jallali v. Florida*, 404 F. App'x 455, 456 (11th

Cir. 2010). Judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239. The immunity fails to apply only when a judge acts "in clear absence of all jurisdiction." *Id*. Here, the allegations that form Plaintiff's Complaint relate directly to the guardianship proceeding pending before the Defendant judges, whose order was summarily affirmed by the Florida Fourth District Court of Appeal. *See Drees v. Ferguson*, 396 F. App'x 658, 658-59 (11th Cir. 2010) (finding that judicial immunity applied because "the acts about which Plaintiff complained were related directly to the adjudication of her custody case."). Plaintiff has presented nothing to support the proposition that the Defendant judges acted outside of their judicial authority or in clear absence of jurisdiction, meaning judicial immunity is a clear bar to these claims and dismissal is proper. *See Force v. Kolhage*, 198 F. App'x 827, 829 (11th Cir. 2006); *Schneider v. Silver*, No: 8:17–cv–219–T–36MAP, 2017 WL 1856915, at *2 (M.D. Fla. May 9, 2017).

Finally, when an attorney appears *pro se*, the Court does not provide the attorney's pleadings with the liberal construction customarily reserved for other *pro se* litigants. *See Drees*, 396 F. App'x at 657 n.3. Here, Plaintiff is a lawyer, although a review of the New York State Court System's database shows that Plaintiff is currently suspended from practicing in New York.[1] Nevertheless, because of Plaintiff's legal training, "the Court need not give [her] the benefits of liberal construction to which an untrained *pro se* litigant is entitled." *Razor v. Florida*, No. 09–23765–CV, 2011 WL 1584205, at *2 (S.D. Fla. Apr. 7, 2011) (declining to grant a suspended attorney, appearing *pro se*, a liberal construction of his complaint), *report and recommendation adopted*, 2011 WL 1584371 (S.D. Fla. Apr. 26, 2011); *see also Cresci v. Gyess*, Civ. No. 17-2342,

---

[1] *See* Attorney Detail Report, NEW YORK STATE UNIFIED COURT SYSTEM, https://iapps.courts.state.ny.us/attorneyservices/search?4&tab=attorney (last visited January 31, 2021). Plaintiff was admitted to the New York Bar under the name "Amy R. Gurvey," a name that also appears in Plaintiff's Emergency Motion.

2018 WL 4961466, at *1 n.1 (D. N.J. Oct. 15, 2018) (same); *Church v. City of Cleveland*, No. 1:10–CV–1399, 2010 WL 4883433 at *2 (N.D. Ohio Oct. 26, 2010) (same).

In addition, the Eleventh Circuit has recognized that a court may consider a plaintiff's history of filing unmeritorious litigation when determining whether a complaint is frivolous. *See Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001). In 2012, New York's Appellate Division, First Department, affirmed a determination by the Departmental Disciplinary Committee for the First Department and found that Plaintiff should be suspended from the practice of law based on her "pursuit of frivolous and vexatious litigation, as well as her misrepresentations to the court." *In re Gurvey*, 958 N.Y.S.2d 5, 7 (N.Y. App. Div. 1st Dep't 2012); *see also Gurvey v. Cowan, Liebowitz, & Latman, P.C.*, No. 06 Civ. 1202, 2015 WL 5459655, at *9-10 (S.D.N.Y. July 24, 2015) (detailing Plaintiff's "history of misconduct and frivolous litigation"), *report and recommendation adopted in relevant part*, 2015 WL 5472893 (S.D.N.Y. Sept. 17, 2015). Indeed, Plaintiff has previously asserted claims in federal court alleging injuries caused by a state court judgment and had such claims *sua sponte* dismissed as frivolous because they were—like the claims here—barred by the *Rooker-Feldman* doctrine. *See Weissbrod v. Gonzalez*, 576 F. App'x 18 (2d Cir. 2014).

After carefully reviewing the Complaint, the Court believes that it is consistent with Plaintiff's previous frivolous filings in other courts. Although the Complaint is scattered with vague allegations that arguably could give rise to claims not barred by judicial immunity or the *Rooker-Feldman* doctrine—such as claims for legal malpractice or unconstitutional policies under *Monell*[2]—the Court is unable to discern the nature of those claims. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the

---

[2] *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (alteration added) (quoting *Iqbal*, 556 U.S. at 678).

Despite Plaintiff being a trained attorney, her Complaint fails to meet the foregoing standards. When not seeking relief clearly barred by *Rooker-Feldman* or judicial immunity, Plaintiff alleges that she was wronged by her attorneys and county policymakers, but she does not offer a concrete legal theory nor make clear what relief is being sought against which defendants and why. For example, Plaintiff seeks "*Monell* damages against Broward [C]ounty policymakers for promulgating unconstitutional protocols that allowed the repugnant atrocities against [her mother]'s constitutional rights by court officers," Compl. at 3, but nowhere in the Complaint does Plaintiff state what those protocols are, why they are unconstitutional, or how she was harmed by them. Rather than "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(1)-(2), Plaintiff's Complaint is a scattershot assortment of legal conclusions and allegations that fail to evince any claims for relief that are plausible on their face. *See Membreno v. Fu Wei*, No. 215CV06322ODWRAOX, 2015 WL 5567763, at *1 (C.D. Cal. Sept. 22, 2015) ("A court may *sua sponte* dismiss a complaint for failure to comply with Rule 8 when 'the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised.'") (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). Apart from those claims that are clearly barred, the Court simply cannot discern the nature of the

remainder of Plaintiff's claims from the allegations in the Complaint, and thus Plaintiff's Complaint must be dismissed.

## CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Emergency Motion to Terminate Two Illegally Appointed Guardians and Dismiss the Non-Final Broward ETG Proceeding with Prejudice as of June 1, 2020 [ECF No. 4] is **DENIED**. In addition, Plaintiff's Complaint [ECF No. 1] is **DISMISSED**.[3] All pending motions are **DENIED as moot**. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of January, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[3] Ordinarily, this Court would grant a *pro se* litigant at least one opportunity to amend her complaint before dismissal. But here, the Court finds that an amendment would be futile because the Complaint is frivolous and does not even approximate an actionable claim. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a *pro se* litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile."); *see also Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (affirming *sua sponte* dismissal without leave to amend of a frivolous complaint). Accordingly, the Court dismisses Plaintiff's Complaint as frivolous.